### FOWLER v. COLYER.

The voluntary absence of the defendant's attorney, in a justice's court, to attend to other business, for an hour after the time named in the summons for appearance, is not a sufficient excuse whereon to reverse a judgment entered by default.

Where an appeal is brought from a judgment by default, and the default is excused, the party must also show, by affidavit, that *manifest injustice* has been done in the judgment, or a new trial will not be awarded. (a)

An ordinary affidavit of merits is not enough. The nature of the defence must be disclosed.

APPEAL from a district court. The facts are sufficiently given in the opinion.

BY THE COURT. INGRAHAM, FIRST J.—The default in this case was taken in the court room after eleven o'clock of

---

(a) See *Gottsberger* v. *Harned, post,* p. 128.

the day on which the summons was returnable. The defendant's attorney appears to have absented himself from the court until after that hour, when the summons was returnable at ten.

We do not think that going to attend to other business is necessarily a *good excuse* for setting aside a judgment. An application should at least be made to the court below for an opportunity to attend to other business, if necessary, before leaving the court.

But under the 366th section, the court has no power to set aside a judgment recovered in the court below, even if a good excuse is shown for the defendant, unless the party applying for a new trial shows that injustice has been done by the inquest, and not only that, but *manifest injustice*. (See *Gottsberger* v. *Harned, post,* p. 128.) Here the defendant shows no such thing. He merely rests upon an affidavit of merits, and discloses no defence whatever. This is clearly not within the provisions of the statute, and judgment must be affirmed.

Judgment affirmed.